UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:05CR-8-R

UNITED STATES OF AMERICA                                             PLAINTIFF

v.

WILLIAM DAVID WEST                                                  DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on motion to suppress (Dkt. # 17) of Defendant William

David West ("West").  The United States responded (Dkt. # 22), and thereafter a hearing was

held in open court on September 23, 2005.  Post-hearing briefs were filed (Dkt. Nos. 29 and 31)

and this matter is now ripe for adjudication.  For the reasons that follow, the Court **DENIES**

Defendant's motion to suppress.

## BACKGROUND

Mr. West was charged on March 29, 2005 with a violation of 18 U.S.C. § 922(g)(1),

which makes a crime the possession of ammunition by a person previously convicted of a felony.

The ammunition which supports this charge was discovered during a search of a van belonging

to Mr. West after his arrest on November 28, 2002 on an arrest warrant then outstanding against

Mr. West from Indiana.  After Mr. West's arrest, Kentucky State Police ("KSP") officer

Detective Kevin Pelphrey signed an affidavit which detailed facts supporting a request for a

warrant to search the apartment and vehicles, including the van, belonging to Mr. West.  During

the execution of this warrant, the van was taken into custody of the KSP.  Detective Pelphrey's

affidavit stated that he:

observed that a felony warrant for the arrest of William David West from Evansville Id.

charging him with assault [*sic*].  An attempt to arrest West was made by KSP officers resulting in West getting into his home and then barricading himself in the residence.  Suspect later surrendered to KSP stating that he had taken an overdose of drugs, resulting in him being taken to the hospital for poss. treatment.

It also said that:

KSP officer [*sic*] are currently investigating the disappearance of Sonya Bradley in Eddyville, Ky.  Bradley was the girlfriend of William David West.  With [*sic*] information obtained during the investigation places West as the last person to have contact with the victim.  Also West has served time in the correctional system for murder, and attempted murder.  West is currently on parole at this time.  Also received information that he is currently dealing in marijuana and prescription meds.

(Exhibit 1 to Dkt. # 29, at 3).  Apparently the van was not searched at that time.  Then, on

December 2, 2002, KSP Detective Samuel Steger signed an affidavit supporting a second request

for a warrant to search the vehicle.  In that affidavit, Det. Steger said:

During the investigation of the disappearance of Sonya Bradley, Det. Sam Steger, Kentucky State Police, received information from James Towery that on November 9, 2002, David West came to Mary Moody's residence in Lyon County, Kentucky and spoke to James Towery.  James Towery stated that David West was very upset and crying and appeared to be under the influence.  West stated that he had accidentally killed Sonya Bradley.  West further stated that he transported her body to the Freedonia, Kentucky area, and disposed of her body in a well.  Based upon the affiant's investigation it was determined that Sonya Bradley was last seen on October 10, 2002 in the company of David West.  Affiant also determined that West owns a motorcycle and the above stated Chevrolet van.

(Exhibit 2 to Dkt. # 29, at 3).  Mr. West filed the instant Motion to Suppress, challenging the

sufficiency of the affidavits for the establishment of probable cause for the search warrants and

seeking to suppress all physical and testimonial evidence acquired as a result of the search

warrants.

## ANALYSIS

Mr. West claims that Det. Pelphrey's affidavit demonstrates a "reckless disregard for the

truth" in three ways.  First, he claims that the KSP's investigation into the disappearance of

Sonya Bradley, Mr. West's former girlfriend, cannot form a basis for a search warrant because

the KSP had not discovered any evidence that a crime had been committed - they had not, for example, discovered any evidence of Ms. Bradley's having been abducted or harmed in any way; she simply disappeared.  Second, he claims that Det. Pelphrey's statements regarding Mr. West's prior criminal record, which turned out to be inaccurate, demonstrated a reckless disregard for the truth.  Det. Pelphrey stated in the affidavit, on the basis of information given to him by another police officer, that Mr. West had served time in the past for murder and attempted murder; in fact, it appears that Mr. West had been convicted of burglary, wanton endangerment, and first-degree manslaughter.  Third, Mr. West claims that Det. Pelphrey's decision to include in the affidavit the allegation that Mr. West was illegally dealing drugs shows a reckless disregard for the truth because Det. Pelphrey did not himself have knowledge of any evidence to corroborate those claims, and believes that the information came from Ms. Bradley's mother, who believed Mr. West had a role in the disappearance of her daughter.

Mr. West's arguments as to the second and third challenge fall victim to the same weakness: Det. Pelphrey was relying upon information provided to him by other law enforcement officers, and it was reasonable for him to believe the information was correct.  He knew the officers and knew that an investigation was ongoing.  Even though the information regarding Mr. West's alleged dealing in drugs was hearsay, his reliance upon it in the probable cause context was not unreasonable.  As to the investigation into Ms. Bradley's disappearance, Mr. West makes much of the fact that the KSP had not discovered any evidence that Ms. Bradley had been the victim of a crime.  In investigating a disappearance, it is reasonable that the police would investigate the last person *known to them* to have seen Ms. Bradley.  Mr. West is correct that the KSP did not know that Mr. West was the last person to see Ms. Bradley; rather, he was the last person they knew *had* seen her.  Although this is not tangible "evidence" in the sense

that physical evidence is, in light of the type of investigation the officers were conducting, it is a

reasonable basis for believing that Mr. West's van might contain evidence of the commission of

a crime.

Examining the totality of the circumstances, the Court finds that Det. Pelphrey's

statements were truthful and were sufficient to establish probable cause for the search warrant in

question.  In *Franks v. Delaware*, the United States Supreme Court held that the requirement,

implied in the Fourth Amendment, that an affidavit be truthful means:

> [it] does not mean "truthful" in the sense that every fact recited in the warrant affidavit is
> necessarily correct, for probable cause may be founded upon hearsay and upon
> information received from informants, as well as upon information within the affiant's
> own knowledge that sometimes must be garnered hastily. But surely it is to be "truthful"
> in the sense that the information put forth is believed or appropriately accepted by the
> affiant as true.

438 U.S. 154, 165, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).  It is well-established that

"[o]bservations of fellow officers of the Government engaged in a common investigation are

plainly a reliable basis for a warrant applied for by one of their number."  *United States v.*

*Ventresca*, 380 U.S. 102, 111, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) (citing *Rugendorf v. United*

*States*, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); *Chin Kay v. United States*, 311 F.2d

317, 320 (9th Cir. 1962); United States v. McCormick, 309 F.2d 367, 372 (7th Cir. 1962); and

*Weise v. United States*, 251 F.2d 867, 868 (9th Cir. 1958)).  The information Det. Pelphrey

received and subsequently put in the affidavit was from fellow law enforcement officers.

Specifically, the information about Mr. West's criminal history was received from Lyon County

Sheriff Kent Murphy, and the other information was received from Det. Pelphrey's fellow KSP

officers working directly on the Sonya Bradley investigation.

Because the search warrant for the KSP's search of Mr. West's vehicle obtained on

November 28, 2002, the validity or invalidity of the December 2, 2002 warrant is of no

consequence.  The search which yielded the ammunition in question was conducted lawfully.

## CONCLUSION

For the reasons outlined above, the Court **DENIES** Defendant's motion to suppress.

An appropriate order shall issue.